

FILED
CLERK U.S. DISTRICT COURT

APR 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| PAYMAN BORHAN, <br><br>       Petitioner, <br><br><br>    v. <br><br> D.L. OLLISON, Warden, <br><br>       Respondent. | No. CV 06-06278- CAS (SH) <br><br> MEMORANDUM AND ORDER DENYING MOTION TO VACATE JUDGMENT AND OVERRULING OBJECTIONS TO FINAL REPORT AND RECOMMENDATION |

For the reasons stated below, petitioner's Motion to Vacate the Judgment pursuant to Federal Rule of Civil Procedure 60(a) is denied, and petitioner's Objections to the Final Report and Recommendation are overruled.

## I. **BACKGROUND**

Petitioner (represented by counsel) seeks relief from the Judgment dismissing his action based on the alleged failure to allow petitioner the opportunity to file Objections

1   to the Final Report and Recommendation.  Petitioner also objects to the Final Report and
2   Recommendation issued by the Magistrate Judge and adopted by the District Court
3   Judge.
4        Petitioner (through counsel) filed the Petition for Writ of Habeas Corpus by a
5   Person in State Custody ("Petition") in the United States District Court for the Southern
6   District of California on September 22, 2006.  The Petition subsequently was transferred
7   to this Court.  The Petition challenged petitioner's 2002 convictions for committing a
8   lewd act upon a child, and the resulting sentence in Los Angeles County Superior Court.
9        The Court issued a Report and Recommendation on August 22, 2007.  Petitioner
10  filed Objections to the Report and Recommendation on September 4, 2007.  Although
11  the Court initially vacated the Report and Recommendation, the Court ultimately decided
12  that the Report and Recommendation should remain in effect.  On October 19, 2007,
13  respondent filed what the Court construed as a Supplemental Reply to the Objections.
14  On November 28, 2006, petitioner file a Response to the Supplemental Reply on
15  November 28, 2006, to which respondent filed a Reply on January 10, 2008.
16       On January 15, 2008, the Court issued a Final Report and Recommendation,
17  recommending that the Petition be dismissed with prejudice based on its untimeliness.
18  Since the Final Report and Recommendation did not make any substantive changes to
19  the Report and Recommendation, the Court did not give petitioner the opportunity to file
20  Objections to the Final Report and Recommendation.  On January 17, 2008, the District
21  Court Judge dismissed the Petition with prejudice, in accordance with the conclusions of
22  the Magistrate Judge.  Judgment was entered on the same date.
23       On January 28, 2008, petitioner filed the instant Motion to Vacate the Judgment,
24  and for an enlargement of time to file Objections to the Final Report and
25  Recommendation.  Per a Minute Order issued on January 30, 2008, (a) the Court granted
26  petitioner an extension of time to file Objections to the Final Report and
27  Recommendation, even though petitioner had failed to cite statutory authority for the
28  proposition that a petitioner must have the opportunity to file objections to a Final

Report and Recommendation (which did not make any substantive changes to the Report
and Recommendation), and even though the Magistrate Judge and the District Court
judge had fully considered petitioner's Objections to the initial Report and
Recommendation prior to the issuance of the Final Report and Recommendation, the
Order Adopting the Final Report and Recommendation, and the Judgment; and (b) the
Court stated it would determine whether to vacate the Judgment based on its review of
petitioner's Objections to the Final Report and Recommendation. On February 8, 2008,
petitioner filed Objections to the Final Report and Recommendation.

## II. DISCUSSION

Petitioner has filed his Motion to Vacate the Judgment pursuant to Fed. Rule Civ.
P. 60(a).[1] Petitioner contends that relief from Judgment is warranted based on the failure
to afford petitioner the opportunity to file Objections to the Final Report and
Recommendation. (See Motion to Vacate Judgment at 4-7).

The Court has been unable to locate, and petitioner has failed to cite, any authority
holding that a petitioner must have the opportunity to file objections to a Final Report
and Recommendation which does not make any substantive changes to the initial Report
and Recommendation.

Moreover, prior to the issuance of the Final Report and Recommendation, the
Order Adopting Report and Recommendation, and the Judgment, petitioner's Objections
to the Report and Recommendation (which raised the same objections as the second and
third objections raised by petitioner in his Objections to the Final Report and
Recommendation, see below) were considered by both the Magistrate Judgment and the
District Court Judge.

Thus, the decision not to allow petitioner the opportunity to file Objections to the

---

[1]    Fed. Rule Civ. P. 60(a) provides in pertinent part that: "Clerical mistakes in
judgments, orders or other parts of the record and errors therein arising from oversight or
omission may be corrected by the court at any time of its own initiative or on the motion
of any party and after such notice, if any, as the court orders."

3

1  Final Report and Recommendation was not a clerical mistake.  In any event, as discussed

2  above, petitioner has been afforded the opportunity to file Objections to the Final Report

3  and Recommendation (which the Court will address below).  Consequently, there simply

4  is no basis for granting petitioner's Rule 60(a) Motion to Vacate the Judgment.

5      Petitioner objects to the Final Report and Recommendation on three separate

6  grounds.[2]  First, petitioner contends that the Court should not have dismissed the Petition

7  because respondent had "waived" the statute of limitations defense by failing to raise it

8  as an affirmative defense in the Answer.  (See Objections to the Final Report and

9  Recommendation at 3, 9-13).[3]  Second, petitioner contends that the Court erred in

10  finding that petitioner was not entitled to equitable tolling.  (See Objections to the Final

11  Report and Recommendation at 3-5, 13-23).

12      However, the Court specifically addressed and rejected petitioner's waiver and

13  equitable tolling contentions (see Final Report and Recommendation at 3 n.1, 10-13) --

14  contentions that the District Court Judge also considered -- and sees no need to revisit

15  those issues.  Moreover, equitable tolling would not be warranted based on counsel's

16  reliance on the Sixth Circuit's decision in Abela v. Martin, 348 F.3d 164 (6th Cir.

17  2003)(en banc), cert. denied, 541 U.S. 1070 (2004) for calculation of the limitations

18  period, when the Ninth Circuit's earlier decision in White v. Klitzkie, 281 F.3d 920, 925

19  (9th Cir. 2002) was the law of this Circuit.  Compare Harris v. Carter, 515 F.3d 1051,

20  1054-57 (9th Cir. 2008)(holding that petitioner was entitled to equitable tolling because

21  he relied on the Ninth Circuit's legally erroneous holding in determining when to file a

22  federal habeas petition).

23  _____

24      [2]    To the extent that petitioner's Objections to the Final Report and
Recommendation merely repeat petitioner's contention that the Judgment should be

25  vacated since he was not given the opportunity to file Objections to the Report and
Recommendation (see Objections to the Final Report and Recommendation at 2-3, 7-8),

26  the Court has already rejected that contention.

27      [3]    As noted in the Final Report and Recommendation (see Final Report and
Recommendation at 3 n.1), petitioner first raised his waiver contention in his November

28  26, 2007 Response to the Supplemental Reply (after he had filed his Objections to the
Report and Recommendation).

Third, petitioner contends that, assuming petitioner was entitled to 90 days of equitable tolling, the Court should find that his federal habeas petition was "filed" in the United States District Court for the Southern District of California on September 5, 2006, rather than September 22, 2006. (See Objections to the Final Report and Recommendation at 5, 24). However, since petitioner was not entitled to equitable tolling, there is no reason for the Court to determine the proper filing date. Moreover, since the Petition was untimely regardless of whether it was filed on September 22, 2006 or September 5, 2006 (see Final Report and Recommendation at 9 n.10), petitioner's third objection is moot.

Thus, petitioner's Objections to the Final Report and Recommendation do not cause the Court to alter or modify the Final Report and Recommendation in any respect, or to vacate the Judgment.

### III.  ORDER

For the reasons discussed above, petitioner's Motion to Vacate the Judgment is DENIED, and petitioner's Objections to the Final Report and Recommendation are OVERRULED.

DATED:  4/2/08

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

DATED: 4-1-08

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

5