UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

PAYMAN BORHAN,

Petitioner,

v.

KATHLEEN ALLISON, Warden,

Respondent.

NO. CV 06-06278-CAS-SH

PROTECTIVE ORDER

GOOD CAUSE HAVING BEEN SHOWN, the Parties' stipulated application for a Protective Order is GRANTED.

1. This Court enters the following Protective Order regarding: (1) attorney-client or work-product privileged documents and materials, including declarations, from the files of habeas counsel Lisa M. Bassis and/or her representatives or from the files of Petitioner Payman Borhan; (2) any related testimony provided at a deposition or an evidentiary hearing to resolve Petitioner's claim of equitable tolling; and (3) any reference to such documents or testimony in the parties' pleadings submitted to this Court regarding Petitioner's entitlement to equitable tolling.

2. All documents included within the scope of this protective order that Petitioner contends are privileged shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the documents.

3. All documents and testimony referenced above, and/or produced to Respondent in this action may be used only for the purposes of litigating the issue of equitable tolling in this federal habeas action, and may not be disclosed or otherwise shown to any party or individual other than: a) Petitioner and the members of his legal team, *i.e.*, lawyers, paralegals, investigators, and support staff, assigned to *Borhan v. Allison* by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and b) Respondent and members of her legal team, *i.e.*, lawyers, paralegals, investigators, and support staff, assigned to *Borhan v. Allison* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

4. Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

5. Any disclosure by Petitioner of privileged materials does not constitute a waiver of the attorney-client or work product privileges beyond the scope of the issue of equitable tolling. Nor does any disclosure related to the litigation of the equitable tolling issue constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

6. This order shall continue in effect through the conclusion of the habeas corpus proceedings and shall continue to apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

Dated: November 7, 2013

HONORABLE STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

Presented by:

*/s/ Joseph A. Trigilio*
JOSEPH A. TRIGILIO
Deputy Federal Public Defender

*/s/ Daniel C. Chang*
DANIEL C. CHANG
Deputy Attorney General